# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE MILLER | CIVIL ACTION |
| VERSUS | NO: 11-2214 |
| OCEAN MARINE OPERATORS, LLC | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Manson Gulf, LLC's Motion for Partial Summary Judgment regarding unseaworthiness (Doc. #46) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion for partial summary judgment filed by defendant, Manson Gulf, LLC. Manson Gulf argues that plaintiff's unseaworthiness claim against it should be dismissed because he admitted in his deposition that there was no condition of the vessel or her equipment that caused his injury.

On September 4, 2010, plaintiff, Clarence Miller, was working as a rigger aboard the D/B WOTAN, a heavy lift barge owned and operated by Manson Gulf. On that day, the M/V LADY ELDINE, a crew boat owned by Marauder Marine Logistics, LLC,[1] arrived and idled its engines approximately 20 feet away from the D/B WOTAN to offload people and equipment. The D/B WOTAN's barge foreman assigned Miller and another rigger, Jeremy Naquin, to board the M/V LADY ELDINE via a personnel basket to help with the equipment transfer. While aboard the M/V LADY ELDINE, Miller and Naquin had to load a medical supply box that weighed approximately 100 pounds onto the personnel basket. The men could not get the box through the personnel

---

[1] Marauder Marine was a defendant in this action, but Miller voluntarily dismissed his claims against it.

basket's door because the basket was filled with diving equipment that was blocking the door. Miller testified at his deposition that the barge leaderman, Glen Malbrough, denied his request to offload the diving equipment onto the D/B WOTAN, and then return the personnel basket to the M/V LADY ELDINE to load the medical supply box. Miller testified that Malbrough ordered him and Naquin to lift the medical supply box over the top rail of the personnel basket and place it on top of the diving equipment. While Miller and Naquin were in the process of lifting the box into the personnel basket, a sea swell hit the M/V LADY ELDINE causing the weight of the box to shift toward Miller. Miller maintained his hold on the box, but contends that he injured his back in the process.

Manson Gulf argues that Miller's unseaworthiness claim against it should be dismissed because Miller admitted in his deposition that there was no condition of the D/B WOTAN or her equipment that caused his injury. Miller argues that there are genuine issues of material fact regarding whether the method of work was safe which preclude summary judgment on his unseaworthiness claim against Manson Gulf .

**ANALYSIS**

**A. Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the

2

existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Unseaworthiness**

A shipowner has an absolute duty to provide a seaworthy vessel, but the vessel need not be "accident free." Simeon v. T. Smith & Son, Inc., 852 F.2d 1432, 1432-33 (5th Cir. 1988). "For a vessel to be found unseaworthy, the injured seaman must prove that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used." Jackson v. OMI Corp., 245 F.3d 525, 527 (5th Cir.1992). Also, an unsafe method of work may render a vessel unseaworthy, but the "mere existence of an alternative method of work or of alternative equipment, . . ., is insufficient of itself to render a vessel unseaworthy." Rogers v. Eagle Offshore Drilling Servs., Inc., 764 F.2d 300, 303 (5th Cir. 1985) (quoting Luneau v. Penrod Drilling Co., 720 F.2d 675 (5th Cir. 1983)). The "standard for establishing causation for an unseaworthiness claim is demanding" because "it requires showing (1) that the unseaworthiness played a substantial part in bringing about or actually causing the injury and that (2) the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." Manderson v.

3

Chet Morrison Contractors, Inc., 666 F.3d 373, 380 (5th Cir. 2012) (quoting Smith v. Trans-World Drilling Co., 772 F.2d 157, 162 (5th Cir. 1985)).

Miller testified that there was no physical condition of the D/B WOTAN or her equipment, particularly the personnel basket, that caused his injury. However, he also testified that he informed Malbrough that he thought the work method was unsafe, but that Malbrough refused his suggestion for a safer method of offloading the diving equipment and then loading the medical supply box onto the personnel basket. Malbrough testified at his deposition that lifting the medical supply box over the top of the personnel basket was an improper method for loading it. Miller's and Malbrough's testimony demonstrate that there are genuine issues of material fact regarding whether the work method was unsafe rendering the D/B WOTAN unseaworthy. Thus, Manson Gulf's motion for partial summary judgment on Miller's unseaworthiness claim against it is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Manson Gulf, LLC's Motion for Partial Summary Judgment regarding unseaworthiness (Doc. #46) is **DENIED**.

New Orleans, Louisiana, this 22nd day of August, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

4